UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

ALBERT MURILLO, a/k/a Victor Qunitero, pro se,

                Petitioner,          **MEMORANDUM AND ORDER**

-against-          05-CV-1993 (DLI)

JAMES T. CONWAY, Superintendent,

                Respondent.
----------------------------------------X

IRIZARRY, United States District Judge:

By order dated May 23, 2005, petitioner was directed to show cause by affirmation, within 60 days, why his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should not be dismissed as time-barred. Petitioner submitted an affirmation on July 25, 2005. Petitioner's affirmation fails to demonstrate that the instant petition is timely. Therefore, the instant petition for a writ of habeas corpus is dismissed as time-barred.

The Court's prior order noted that the instant petition was untimely under 28 U.S.C. § 2244(d)(1)(A), as it was filed on April 12, 2005, almost five years after the one-year statute of limitations period had expired. Murillo v. Conway, No. 05-CV-1933 (DLI), slip op. at 2 (E.D.N.Y. May 23, 2005). The Court further noted that despite petitioner's filing of an application for a writ of error coram nobis on June 2, 2004, this application did not qualify for statutory tolling under § 2244(d)(2), as it was filed well after the expiration of the one-year limitations period. Id. at 3. Petitioner was thus directed to set forth any basis for equitable tolling by demonstrating that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith v. McGinnis,

1

208 F.3d 13, 17 (2d Cir. 2000) (per curiam) (citing Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)), cert denied, 531 U.S. 840 (2000), and (ii) he "acted with reasonable diligence throughout the period he seeks to toll," id. (citing Johnson, 86 F.3d at 12). Murillo, slip op. at 3.

Petitioner does not set forth any basis for equitable tolling of the statute of limitations. First, petitioner alleges that the limitations period should be equitably tolled because he "was not notified by his appellate attorney of the [May 13, 1999] denial of [his] leave to appeal application until six month[s] later." Aff. ¶ 3. District courts in this circuit, however, have consistently held that lack of notice of a state appellate court's decision denying post-conviction relief in and of itself does not entitle a petitioner to equitable tolling. See, e.g., Marengo v. Conway, 342 F. Supp. 2d 222, 230 (S.D.N.Y. 2004) (holding lack of notice to be an insufficient basis for equitable tolling where the petitioner did not inquire into the status of the appeal until approximately 19 months after leave was denied); Rodriguez v. People, No. 01 Civ. 9374 (KMW)(AJP), 2003 WL 289598, at *17 (S.D.N.Y. Feb. 11, 2003) (declining to equitably toll where the attorney failed to file notice of appeal because it was not reasonably diligent for the defendant to wait over 18 months before inquiring into the status of his appeal); Anderson v. O'Gara, No. 01 Civ. 5712 (WHP)(GWG), 2002 WL 1633917, at *4-5 (S.D.N.Y. Jul. 23, 2002) (dismissing the habeas petition as untimely because the statutory tolling ended when the decision denying coram nobis petition was issued, even where the petitioner did not receive actual notice of the denial); Ferguson v. Mantello, No. 00 Civ. 2098 (SAS), 2000 WL 1721140, at *2 (S.D.N.Y. Nov. 16, 2000) (holding lack of notice to be an insufficient basis for equitable tolling where the petitioner did not inquire into the status of the appeal until 18 months after leave was denied); Plowden v. Romine, 78 F. Supp. 2d 115, 119 (E.D.N.Y. 1999) (dismissing habeas petition despite lack of notice because petitioner failed to act with "reasonable diligence"

2

after 17 months elapsed before inquiring into status of his request for leave to appeal). Even if petitioner received late notice of the denial of his application, he cannot be excused from waiting until April 12, 2005 to file the instant petition.

Petitioner also asks this Court to excuse his late filing because he was incarcerated in a Special Housing Unit from May 1999 to June 2000 and "deprived access to his legal documents." Aff. ¶¶ 4-5. Petitioner's argument fails because "confinement in a Special Housing Unit or in a generally isolated correctional facility, without more, [does not] qualif[y] as [] an extraordinary or exceptional circumstance" justifying equitable tolling. See Johnson v. Girdich, No. 03 Civ. 5086 (LBS), 2005 WL 427576, at *7 (S.D.N.Y. Feb. 23, 2005). See also Lindo v. Lefever, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002) ("[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances"); Asencio v. Senkowski, 2000 WL 1760908 at *2 n. 4 (S.D.N.Y. Nov. 30, 2000) (holding solitary confinement does not qualify as extraordinary circumstance) (citing Hizbullahankhamon v. Walker, 105 F. Supp. 2d 339, 344 (S.D.N.Y. 2000)).

Petitioner attempts to establish that he exercised reasonable diligence by asserting that he "kept in contact with this Court asking for direction as to how to proceed in the filing of his petition." Aff. ¶ 6. Petitioner attaches to his affirmation a copy of a letter dated April 3, 2000 which he sent to this Court, indicating that he wished to submit a habeas corpus petition. Petitioner attaches a copy of another letter dated August 21, 2003 which was prepared by an individual at Attica Correctional Facility on his behalf. In the August 21, 2003 letter, the author acknowledges receipt of a habeas corpus application sent to petitioner by the Clerk's Office in April 2000. See Aff., Ex. 2. The letter states that petitioner "is requesting assistance and advice as to his ability to

3

further his appeal and exactly what is necessary for him to petition the court for a[n] appeal of his criminal conviction." Id. By "keeping in contact" with this Court, petitioner means that he wrote to the Court twice in a three-year period; however, he does not allege that he was prevented from filing his application during that period.

Finally, petitioner asks this Court to excuse his delay because he is "illiterate, unable to speak or understand the English language." Aff. ¶ 6. "Problems such as difficulty with the English language and insufficiency of legal assistance are not 'extraordinary' such that they warrant equitable tolling." Martinez v. Kuhlmann, No. 99 Civ. 1094 (MBM), 2000 WL 622626, at *3 (S.D.N.Y. May 15, 2000).

Conclusion

Accordingly, petitioner fails to demonstrate extraordinary circumstances and reasonable diligence which would warrant equitable tolling of the statute of limitations period. See Johnson, 86 F.3d at 12 (equitable tolling is appropriate when claimant "has been prevented in some extraordinary way from exercising his rights"). Moreover, petitioner fails to establish that he "acted with reasonable diligence throughout the period he seeks to toll." Smith, 208 F.3d at 17 (2d Cir. 2000). The instant petition is therefore dismissed as time-barred. A certificate of appealability will not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253 (c)(2); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore

*in forma pauperis* status is denied for the purpose of any appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DATED:     Brooklyn, New York
              September 8, 2005

                                           DORA L. IRIZARRY
                                           United States District Judge